IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-50-D
No. 7:14-CV-35-D

| | |
|---|---|
| BOBBY RAY BULLARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On February 20, 2014, Bobby Ray Bullard ("Bullard") moved to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 [D.E. 34]. On April 21, 2014, the government moved to dismiss Bullard's section 2255 motion [D.E. 37]. The same day, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Bullard about the motion to dismiss, the consequences of failing to respond, and the response deadline of May 12, 2014 [D.E. 39]. Bullard failed to respond by May 12, 2014. On May 19, 2014, Bullard filed a response [D.E. 40] and a motion to deem the response timely filed [D.E. 41]. As explained below, the court grants Bullard's motion to deem his response timely filed, grants the government's motion to dismiss, and dismisses Bullard's section 2255 motion.

On July 6, 2010, Bullard pleaded guilty, pursuant to a plea agreement [D.E. 22], to conspiring to distribute and to possess with intent to distribute more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. §§ 841 and 846. When Bullard pleaded guilty, that drug weight was associated with a statutory minimum of 10 years' imprisonment. See 21 U.S.C. § 841(b)(1)(A) (2009).

On October 22, 2010, the court held a sentencing hearing and determined that, for purposes of calculating the advisory guideline range, Bullard was accountable for 347.3 grams of cocaine and 595.36 grams of crack cocaine. See Presentence Investigation Report ("PSR") ¶ 11; Sentencing Tr. [D.E. 42] 5; Fed. R. Crim. P. 32(i)(3)(A). At the time, that drug weight was associated with a base offense level of 34. See PSR ¶ 44; U.S.S.G. § 2D1.1 (2009). Thus, after a 3-level reduction for acceptance of responsibility, Bullard's total offense level was 31. See PSR ¶ 52. When the court combined Bullard's total offense level of 31 and his criminal-history category of II, the court calculated an advisory guideline range of 121 to 151 months. See Sentencing Tr. 5; PSR ¶ 55; U.S.S.G. § 5A (2009). After considering the arguments of counsel, Bullard's statement, and the relevant section 3553(a) factors, the court sentenced Bullard to 132 months' imprisonment. See Sentencing Tr. 15–19; Judgment [D.E. 25]. Bullard did not appeal.

In 2010, Congress amended 21 U.S.C. § 841(b) so that, for sentencing purposes, 1 gram of crack cocaine is now treated as equivalent to 18 grams of powder cocaine, rather than 100 grams of powder cocaine. See Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("FSA"). Under the FSA, which became effective on August 3, 2010, a defendant (like Bullard) charged with trafficking more than 50 grams of cocaine base is subject to a statutory minimum of only 5 years' imprisonment, rather than 10. See id.; 21 U.S.C. § 841(b)(1)(B)(iii). On June 21, 2012, in Dorsey v. United States, 132 S. Ct. 2321, 2326 (2012), the Supreme Court held that the FSA's "more lenient penalty provisions apply to offenders who," like Bullard, "committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3."

In hindsight, the FSA also impacted Bullard's advisory guideline range. In developing the Guidelines, the U.S. Sentencing Commission primarily relies on Congress's judgment, as expressed in 21 U.S.C. § 841(b), as to what quantities of various drugs should be treated as equivalent for

2

sentencing purposes. See U.S.S.G. § 2D1.1 cmt. n.8(A) ("The Commission has used the sentences provided in, and equivalencies derived from, [21 U.S.C. § 841(b)(1)] as the primary basis for the guideline sentences."). Thus, in response to the FSA, the Sentencing Commission promulgated Amendment 750, which changed the Sentencing Guidelines to comport with the new 18-to-1 ratio, and Amendment 759, which made that change apply retroactively. See United States Sentencing Commission, Guidelines Manual, App. C, Amends. 750, 759 (Nov. 2011) (effective Nov. 1, 2011). Under the amended guidelines, Bullard's base offense level would have been 32, his total offense level would have been 29, and his advisory guideline range would have been 97 to 121 months' imprisonment. See U.S.S.G. § 2D1.1 (2011); id. § 5A.

On August 3, 2012, Bullard moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). [D.E. 26]; see also [D.E. 30] (amended section 3582 motion). On November 5, 2013, the court granted Bullard's section 3582 motion and reduced Bullard's sentence to 121 months' imprisonment [D.E. 33]. Bullard did not appeal.

In his section 2255 motion, Bullard again seeks the benefit of the FSA. Specifically, Bullard cites Dorsey and asks that the court reduce his sentence to 70 months' imprisonment. See [D.E. 34] 3, 13. In response, the government moves to dismiss Bullard's section 2255 motion, arguing that the appellate waiver in Bullard's plea agreement bars his section 2255 motion. See Mem. Supp. Mot. Dismiss [D.E. 38] 4.

In his plea agreement, Bullard agreed "to waive all rights to contest [his] conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [him] at the time of [his] guilty plea." Plea Agreement [D.E. 22] ¶ 2.c. Such a waiver is enforceable "to preclude a defendant from appealing a specific issue if the record

3

establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

To be valid, the waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). At his Rule 11 hearing, Bullard affirmed that he had read and discussed his plea agreement with his lawyer and, after hearing the court read his waiver aloud, affirmed that he understood the rights he was giving up through the waiver. See Arraignment Tr. [D.E. 43] 20–21. Thus, Bullard's waiver was valid.

Finally, the issue concerning the FSA and Bullard's advisory guideline range falls within the scope of his waiver. In his waiver, Bullard reserved only the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct. Bullard's claim that the court should reduce his sentence a second time in light of the FSA falls into neither category. Moreover, although an appellate waiver generally will not bar a defendant from challenging a sentence in excess of the statutory maximum, Bullard's 121-month sentence is less than his post-FSA statutory maximum of 40 years, and is within his post-FSA guideline range. See, e.g., Copeland, 707 F.3d at 529–30; cf. United States v. Greene, 513 F. App'x 300, 301–02 (4th Cir. 2013) (per curiam) (unpublished). Thus, the court enforces the waiver and dismisses Bullard's section 2255 motion. See, e.g., Copeland, 707 F.3d at 530.

After reviewing the claims presented in Bullard's motion, the court determines that reasonable jurists would not find the court's treatment of any of Bullard's claims debatable or wrong,

4

and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

In sum, the court GRANTS Bullard's motion to deem his response timely [D.E. 41], GRANTS the government's motion to dismiss [D.E. 37], DISMISSES Bullard's section 2255 motion [D.E. 34], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 11 day of September 2014.

JAMES C. DEVER III
Chief United States District Judge